# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | CASE NO. 1:08-cv-00934-SMS PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (Docs. 1, 10, and 11) |
| MARK N. PAZIN, et al., | ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE ON FOURTH AMENDMENT CLAIM ARISING FROM PHONE CALL MONITORING, AND DIRECTING CLERK'S OFFICE TO ISSUE SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITH THIRTY DAYS |
| Defendants. | |
| | (Doc. 1) |

Plaintiff Lonnie Lee Poslof, Jr. is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 3, 2008. On February 27, 2009, pursuant to 28 U.S.C. § 1915A, the Court issued an order finding that Plaintiff's complaint states a cognizable Fourth Amendment claim but does not state any other claims for relief under section 1983. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his Fourth Amendment claim. On March 30, 2009, Plaintiff filed a notice stating he is willing to proceed with only his Fourth Amendment claim.

Based on Plaintiff's notice, all claims other than the Fourth Amendment claim found to be cognizable shall be dismissed, and this action shall proceed against Defendants Mark Pazin, Merced

///

County, and Merced County Sheriff's Office on Plaintiff's Fourth Amendment claim arising from the recording of telephone conversations between jail inmates and their attorneys..

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint, filed July 3, 2008, against Defendants Mark Pazin, Merced County, and Merced County Sheriff's Office on Plaintiff's Fourth Amendment claim arising from the institution of a custom, policy, or practice of recording all telephone communications between inmates and their attorneys;

2. Plaintiff's due process, equal protection, and ineffective assistance of counsel claims arising from the phone call monitoring are dismissed, with prejudice, for failure to state any claims under section 1983;

3. Plaintiff's claims arising from the failure to permit him to use the attorney-client conference room at the courthouse to consult with his attorney are dismissed, with prejudice, for failure to state any claims under section 1983;

4. Plaintiff's Eighth Amendment claim arising from lack of bed space at the jail is dismissed, with prejudice, for failure to state a claim under section 1983;

5. Service shall be initiated on the following defendants:

    **SHERIFF MARK PAZIN**

    **MERCED COUNTY**

    **MERCED COUNTY SHERIFF'S DEPARTMENT**

6. The Clerk of the Court shall send Plaintiff three (3) USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed July 3, 2008.

7. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

|   |   |   |
|---|---|---|
| | | c. Four (4) copies of the endorsed complaint filed July 3, 2008. |
| | 8. | Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. |
| | 9. | <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>. |

IT IS SO ORDERED.

**Dated:** **April 6, 2009**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE