1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   LONNIE LEE POSLOF, JR.,                    CASE NO. 1:08-cv-00934-SMS PC

10              Plaintiff,                      ORDER DISMISSING ACTION FOR
                                               FAILURE TO PROSECUTE, WITH
11       v.                                    PREJUDICE

12   MARK N. PAZIN, et al.,                    (Doc. 22)

13              Defendants.
                                    /
14

15       Plaintiff Lonnie Lee Poslof, Jr., proceeding pro se, filed this civil rights action pursuant to

16   42 U.S.C. § 1983 on July 3, 2008.  On June 29, 2009, Defendants Sheriff Mark Pazin, Merced

17   County, and Merced County Sheriff's Department filed a motion to dismiss or in the alternative for

18   summary judgment and motion to strike. Fed. R. Civ. P. 12(b)(6), (f); Fed. R. Civ. P. 56.  On June

19   30, 2009, the Court notified Plaintiff that his opposition or statement of non-opposition to the motion

20   was due on or before July 20, 2009, and warned Plaintiff that the failure to file a response to

21   Defendants' motion would result in dismissal of this action.  (Doc. 22.)  Plaintiff failed to file an

22   opposition or a statement of non-opposition to the motion, or otherwise respond to the Court's order.

23       The Court has the inherent power to control its docket and may, in the exercise of that power,

24   impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles

25   County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure

26   to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious

27   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

28   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

1

of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, dismissal of this action for failure to prosecute is warranted.  Id.  This action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Plaintiff's failure to respond to the pending motion to dismiss, particularly in light of an order explicitly notifying him that he was required to do so, evidences Plaintiff 's disinterest in further prosecution of this action.  Almost sixty days have passed since Defendants filed their motion to dismiss, giving Plaintiff ample opportunity to file a response to the motion or otherwise place the Court and Defendants on notice of intent to prosecute.

Accordingly, this action is HEREBY DISMISSED for failure to prosecute, with prejudice.


IT IS SO ORDERED.

**Dated:   August 21, 2009**                    **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE